## GILBERT v. TOMPKINS.

*Edmonds, J.:* This case (*Gilbert* v. *Tompkins*) is subject to the same remarks as in the case of *Cammann* v. *Tompkins* (*supra*), with this difference: this attachment was sued out on the ground of a departure from the State, and not on the ground of concealment. It is now manifest that there was no departure, but there was a concealment, and the question is, whether the new grounds are admissible to sustain the process.

I do not see why they may not be, nor why my remarks in the other case, in regard to the defects in the original affidavits, do not apply with equal force to the defect in this. It appears to me that the true rule to adopt in this whole class of cases is, that where the defendant moves on the original affidavits, such a defect in them may not be cured, but where he moves on affidavits on his own part, the plaintiff may be at liberty to show that he was entitled to the attachment on some grounds which existed at the time it was issued.

It must frequently happen, as in this case, that the plaintiff cannot tell whether the defendant has departed from the State, or is concealed within it, at the same time that facts are known to him, and which he states in his affidavit, which lead to the conclusion that the defendant has either departed the State or concealed himself.

In this very case the affidavits are more perfect than in either of the other cases, in stating the facts from which the conclusion is to be drawn. Those facts warranted the belief that either one or the other was true. From those facts the plaintiffs inferred that the defendant had departed the State, whereas it turns out that he had concealed himself within it. For this error in their inference would it be right to vacate

the process, when the facts themselves, without the inference, would warrant its being issued?

It seems to me that it would be unjust to do so, and therefore I must direct the same rule in this as in the other case.